UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Madaline Ford, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-09-1731 |
| | § | |
| Property & Casualty Insurance Company of Hartford, Reid, Jones, McRorie & Williams, Inc., *et al.*, | § § § | |
| | § | |
| *Defendants*. | § | |

**Order**

Pending before the court is plaintiff's motion to remand. Dkt. 9. After considering the parties' arguments, the appropriate evidence, and the applicable law, the motion is **GRANTED IN PART** with respect to plaintiff's request for remand, and **DENIED IN PART** with respect to plaintiff's request for attorney's fees, costs, and expenses.

**I. Background**

During the late evening hours of September 12, 2008 and early morning hours of September 13, 2008, Hurricane Ike struck Harris County, Texas, causing damage to homes and businesses in the region. Dkt. 1, Ex. 5. Hurricane Ike caused damage to Madaline Ford's residence at 2918 Alameda Place Drive, Houston, Texas, 77045 (the "Property"), including: loss of a portion of the roof, water damage to the interior of the house, and damage to an air conditioning unit and gutters.

Following the storm, Ford submitted a claim to Property and Casualty Insurance Company of Hartford ("Hartford"), with whom she held a Texas Homeowner's Insurance Policy on the Property (the "Policy"), seeking recovery for roof damage, water damage, wind damage, and structural damage to the Property. Additionally, Ford sought reimbursement for her living expenses.

Hartford assigned the case to the following individual adjusters: Reid, Jones, McRorie, and Williams, Inc. ("RJMW"), John Olle, Clifford Walsh, and Jennifer Jones (collectively, "the Adjusters"). Ford alleges that Hartford and the Adjusters wrongfully denied Ford's claim for repairs on the Property and underpaid Ford under the terms of the Policy.

Ford brought suit against Hartford, RJMW, Olle, Walsh, and Jones on April 30, 2009 in the 157th Judicial District Court of Harris County, Texas. Dkt. 1. Ford alleged multiple causes of action against the defendants, including violations of Texas Insurance Code § 541.060, common law fraud, and conspiracy to commit fraud. Dkt. 1, Ex. 5, ¶¶ 21–65. Ford's original petition stated that all of the defendants were diverse. Dkt. 1, Ex. 5, ¶¶ 2–7. Hartford and RJMW removed the case to federal district court on June 5, 2009, predicated on diversity jurisdiction. Dkt. 1. Olle, Walsh, and Jones consented to the removal. Dkt. 7, 10. In response, Ford filed a motion to remand on July 6, 2009, claiming that she had made a mistake in her original petition, that Olle was actually a Texas citizen, and that this court lacked jurisdiction. Dkt. 9. Apparently conceding Olle's citizenship, the defendants responded that Ford improperly joined Olle, and therefore Olle's citizenship should be ignored for diversity purposes. Dkt. 15. There is no dispute that if Olle were not a party to the case, diversity jurisdiction would be proper.

## II. ANALYSIS

As a threshold matter, the court will examine whether Ford's motion for leave to amend impacts the present analysis of Ford's motion to remand. Subsequently, the court will consider both whether Ford properly joined Olle to the instant case, and whether the Fifth Circuit's "common defense" rule requires remand. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

2

### A. Ford's Motion for Leave to Amend

Ford submitted a motion for leave to file a first amended complaint on October 8, 2009. Dkt. 27. When considering whether a non-diverse party is properly joined to a suit, however, a district court must consider the facts as set forth in the state court petition *on the date of removal*. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347 (1939); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) ("[I]t would have been futile to grant the motion [to amend], because a complaint amended post-removal cannot divest a federal court of jurisdiction."). Moreover, the Fifth Circuit has acknowledged the rule and sets forth the rationale supporting it: "Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint . . . ." *Id.*

Accordingly, Ford's motion for leave to file a first amended complaint is of no import to the present improper joinder analysis. Instead, the court will consider the allegations as set forth in Ford's original petition on the date of removal. *See Pullman*, 305 U.S. at 537, 59 S. Ct. 347; *Cavallini*, 44 F.3d at 264.

### B. Improper Joinder[1]

Ford filed a motion to remand on July 6, 2009, claiming that Olle was joined properly to the case. Dkt. 9. Defendants argue that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332. They allege that Olle was joined improperly, and therefore his

---

[1] In the context of removal and remand, improper joinder carries no requirement as to a state of mind, even though case law may use terms like fraud or sham to describe improper joinder. *See Smallwood*, 385 F.3d at 571. The term "fraudulent joinder" is often used by the courts. In the Fifth Circuit, however, the preferred term is "improper joinder."

3

citizenship should be ignored for diversity purposes. In contrast, Ford argues that Olle is a valid defendant with causes of action against him that are recognized by Texas courts.

*1.     The Law*

To establish subject-matter jurisdiction predicated on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). As the removing parties, defendants bear the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet '[improper]' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S. Ct. 278 (1914); *see also Smallwood*, 385 F.3d at 574.

Defendants can establish improper joinder in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis*, 326 F.3d at 646–47). Because the parties do not dispute the accuracy of the jurisdictional facts, the latter is the proper inquiry. The court should not focus on the *probability* that the plaintiff will prevail on the merits against the non-diverse defendant. Rather, the court seeks only a reasonable *possibility* of recovery against the non-diverse defendant. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed [improper], *unless* that showing compels

dismissal of *all defendants*." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) (emphasis in original).  In the present case, the appropriate inquiry is whether Ford has alleged sufficient facts to support any of the claims against Olle.  If Ford has failed to state a valid claim against Olle, then the court must apply the "common defense" rule to determine whether the insufficiency likewise disposes of all defendants.  If so, remand is proper.  *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 574.

The Fifth Circuit, in *Smallwood v. Illinois Central Railroad Co.*, endorsed a Rule 12(b)(6)-type inquiry as the preferred method of determining whether joinder is proper.  *Smallwood*, 385 F.3d at 573.  Under the Rule 12(b)(6)-type inquiry, "a complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Jamarillo v. City of McAllen, Texas*, 306 Fed. Appx. 140, 143 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)) (internal quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ."  *Id.*

The *Smallwood* court further acknowledged that in some cases discrete facts will be missing from the plaintiff's pleading, thus making a summary inquiry useful.  *Id.*  In these cases, the court, at its discretion, may pierce the pleadings and conduct a summary judgment-type inquiry.  *Id.*; *Hornbuckle*, 385 F.3d at 542  (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980)).  Thus, the inquiry no longer centers on the plaintiff's state court petition, but rather on the record as a whole and summary judgment evidence offered by the parties.  *Id.*  "All disputed issues of fact and any ambiguities of state law must be resolved in the [plaintiff's] favor."  *Smith v.*

*Petsmart, Inc.*, No. 06-60497, 2008 WL 2062257, at *2 (S.D. Tex. May 15, 2008) (citing *Travis*, 326 F.3d at 649).

Because Ford's original petition lacks factual allegations to support her claim, a summary inquiry is appropriate in this case. Ford, however, has not offered any additional evidence to support the allegations made in her original petition. Consequently, the only evidence available to the court to determine whether Olle was joined properly are the allegations made by Ford in her original petition at the time of removal. Thus, for the limited purpose of determining whether Olle was joined properly to the case, the court will consider the two types of claims that Ford asserts against Olle in the original petition: (1) violations of Texas Insurance Code § 541.060, and (2) common law fraud and conspiracy to commit fraud. Dkt. 1, Ex. 6.

### 2. *Ford's Claims Against Olle*

Both the Fifth Circuit and the Texas Supreme Court have held—and the defense does not dispute—that Texas law allows an insurance adjuster to be held liable under the Texas Insurance Code. *Hornbuckle*, 385 F.3d at 544 (citing *Liberty Mutual Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482 (1998)). The Fifth Circuit, however, has made clear that in order to find a reasonable possibility that a Texas court would allow recovery against an adjuster, the plaintiff must demonstrate that the employee, as an individual, committed the violation that caused the harm. *Id.* at 545. Therefore, the inquiry becomes whether Ford alleged sufficient facts to support a claim against Olle individually.

In Ford's original state court petition, she alleged that Olle violated Texas Insurance Code § 541.060, committed fraud, and engaged in a conspiracy to commit fraud. Specifically, Ford alleged that Olle:

6

1. Misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence [TEXAS INSURANCE CODE § 541.060(a)(1)];

2. Failed to make an attempt to settle Plaintiff's claim in a fair manner, although aware of their liability to Plaintiff under the Policy [TEXAS INSURANCE CODE § 541.060(a)(2)(A)];

3. Failed to explain to Plaintiff the reasons for their offer of an inadequate settlement; Failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made; Did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor provide any explanation for the failure to adequately settle Plaintiff's claim [TEXAS INSURANCE CODE § 541.060(a)(3)];

4. Failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing [TEXAS INSURANCE CODE § 541.060(a)(4)];

5. Refused to fully compensate Plaintiff, under the terms of the Policy, even though a reasonable investigation was not conducted; Performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property [TEXAS INSURANCE CODE § 541.060(a)(7)];

6. Misrepresented to Plaintiff material facts relating to the coverage at issue [TEXAS INSURANCE CODE § 541.060(1)];

7. Knowingly or recklessly made false representations as to material facts and/or knowingly concealed all of part of material information from Ford; and

8. Committed common law fraud and engaged in a conspiracy to commit common law fraud.

Dkt. 1, Ex. 5, ¶¶ 23–27, 32–33, 36–40, 47–50. Despite enumerating these allegations, however, the original petition is devoid of evidence to support them. Instead, Ford repeatedly directs the court to the facts "as described above." This direction is insufficient, however, as the *only* facts alleged that have any relevance to Olle are:

    (1) that Ford owns the Property, which is located at 2918 Alameda Place Drive, Houston, Texas 77045;

    (2) that Hartford issued the Policy to Ford for the Property;

    (3) that Hurricane Ike struck and damaged the Property;

    (4) that Ford filed a claim with Hartford to cover the cost of repairs to the Property; and

    (5) that Olle was one of several adjusters assigned to Ford's claim.

Dkt. 1, Ex. 5, ¶¶ 16–20.

Thus, rather than providing facts to demonstrate how Olle individually violated the Texas Insurance Code or committed fraud, the only fact that Ford provided with respect to Olle is that he is an adjuster assigned to Ford's claim. Moreover, as stated above, Ford failed to adduce any evidence to support her conclusory allegations. When considering a case like this in which a plaintiff fails to adduce sufficient evidence in a motion to remand, the court may not presume that the plaintiff could offer any additional evidence. *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) ("[The court may not], in the absence of any proof, assume that the [plaintiff] could or would prove the necessary facts.") (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Consequently, for the limited purpose of determining the propriety of joinder, Ford has failed to state a valid claim against Olle.

    *3.    "Common Defense" Rule Analysis*

Having determined that Ford has failed to state a valid claim against Olle for the purposes of the improper joinder inquiry, the court now turns to the "common defense" inquiry required by *Smallwood*. According to the Fifth Circuit in *Smallwood*, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the

plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder." *Smallwood*, 385 F.3d at 574. In that event, remand is proper. *Id.* Thus, for the limited purpose of determining the propriety of joinder under *Smallwood*, the court must determine whether Ford has stated a valid claim against the balance of the defendants.

Looking first to the Adjusters, Ford made the exact same allegations against Walsh and Jones as she did against Olle. Dkt. 1, Ex. 6, ¶¶ 23–27, 32–40, 47–50. Thus, Ford's claims against Walsh and Jones similarly lack supporting factual allegations. Against RJMW, however, Ford alleges additional violations of the Texas Insurance Code. Dkt. 1, Ex. 6, ¶¶ 41–46. Still, these allegations contain no supporting facts and instead make empty references to the facts "as described above." Dkt. 1, Ex. 6, ¶¶ 41–46. Under Texas law, a plaintiff must allege that the adjusters, as individuals, committed the violation that caused the harm. *Hornbuckle*, 385 F.3d at 545. Because Ford failed to allege sufficient facts to support her allegations against any of the Adjusters, she has failed to state a valid claim against them.

Finally, the court looks to whether Ford stated a valid claim against Hartford, the underlying insurer in this case. Ford alleges that Hartford is liable under the following causes of action: (1) violations of the Texas Insurance Code; (2) breach of the duty of good faith and fair dealing; (3) breach of contract; and (4) fraud and conspiracy to commit fraud. Dkt. 1, Ex. 6, ¶¶ 21–33, 47–65. When making these claims, however, Ford does no more than present "[c]onclusory allegations or legal conclusions masquerading as factual conclusions." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Ford merely "mention[s] defendants and then fail[s] to state

9

specific actionable conduct against them." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). As the Fifth Circuit instructs, this "does not suffice to state a claim against them." *Id.*

Accordingly, the court finds that Ford's allegations against Hartford, RJMW, Walsh, and Jones are insufficient for precisely the same reason that the allegations against Olle are insufficient: Ford failed to provide adequate facts to support her conclusory allegations. Thus, because the insufficiency of Ford's factual allegations "is equally dispositive of all defendants rather than to the in-state defendants alone," the removing defendants have failed to meet the high burden for demonstrating improper joinder under the "common defense" rule articulated in *Smallwood*. *Smallwood*, 385 F.3d at 586. Consequently, this court lacks subject matter jurisdiction and must grant Ford's request for remand.

      **C.**      **Ford's Request for Attorney's Fees, Costs, and Expenses**

In addition to requesting remand, Ford seeks to recover the attorney's fees, costs, and expenses originating from the defendants' removal of this case to federal court, pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides, in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Fifth Circuit provides guidance on the proper manner in which to apply this statute in *Valdes v. Wal-Mart Stores, Inc.*:

> The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper.

10

*Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Stated plainly, "the question [to consider] in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.*

Defendants had objectively reasonable grounds for removal in this case. First, Ford asserted in her original petition that Olle resided in Illinois.[2] Dkt. 1, Ex. 5, ¶ 5 ("Defendant Olle is an individual residing in and domiciled in the State of Illinois . . . ."). As a result, Ford's original petition on its face alleged that complete diversity existed in this case. Naturally, defendants' decision to remove this case on diversity grounds was reasonable, considering that Ford alleged complete diversity in her petition at the time of removal. Dkt. 1, Ex. 5, ¶ 5.

Furthermore, this court concluded above that Ford failed to plead sufficient facts to state a valid claim against Olle. But for the "common defense" rule articulated by the Fifth Circuit in *Smallwood*, joinder would be proper. *Smallwood*, 385 F.3d at 574. Accordingly, defendants had an objectively reasonable grounds for removing this case, and Ford's request for attorney's fees, costs, and expenses is denied.

### III. CONCLUSION

Federal courts are courts of limited jurisdiction. "As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Ameen v. Merck & Co.*, 226 Fed. Appx. 363, 368 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir.1995)) (internal quotation omitted). "[A]ny doubt as to the propriety of removal should be resolved in favor of remand." *Id.* The Fifth Circuit held in *Smallwood* that "[w]hen the only proffered justification for improper joinder is that there is no

---

[2] Later information revealed that Olle, in fact, resided in Texas.

11

reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone," the defendants have failed to meet the high burden of proving improper joinder. *Smallwood*, 385 F.3d at 586.

Accordingly, the court lacks subject matter jurisdiction and remands this case to state court in accordance with 28 U.S.C. § 1447(c). Thus, Ford's motion to remand is **GRANTED IN PART** with respect to plaintiff's request for remand, and **DENIED IN PART** with respect to plaintiff's request for attorney's fees, costs, and expenses. All remaining motions pending before the court are **DENIED AS MOOT**.

It is so **ORDERED**.

Signed at Houston, Texas on December 9, 2009.

_____
Gray H. Miller
United States District Judge